IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KIM MARIE LYONS,<br><br>                    Petitioner,<br><br><br>vs.<br><br><br>UNITED STATES OF AMERICA,<br><br>                    Respondent. | ORDER AND<br><br>MEMORANDUM DECISION<br><br>REGARDING § 2255 PETITION<br><br>Civil Case No. 2:07-CV-514-TC<br><br>Criminal Case No. 2:05-CR-574-TC |

Petitioner and federal prisoner Kim Marie Lyons has filed a *pro se* petition under 28

U.S.C. § 2255 to vacate, set aside, or correct her sentence of 32 months imprisonment and 60

months supervised release (she was convicted of bank fraud and aggravated identity theft).  She

states three grounds in her Petition.  First, she contends that the mandatory minimum sentence

was unconstitutional and, further, that the sentence was erroneous because her criminal history

category and offense level were miscalculated under the United States Sentencing Guidelines

("Guidelines" or "USSG").  Second, she contends that she received ineffective assistance of

counsel for a variety of reasons.  Third, she contends that the "Victim pressed charges under

duress, threat, and coercion by prosecution of possible charges against him" and that such alleged

fact entitles her to relief.  (Pet. at 8.)

The court has reviewed Ms. Lyons' Petition,[1] the record of the earlier criminal

---

[1]Ms. Lyons did not attach any exhibits to her Petition, so the Petition constitutes the entire
record for her § 2255 proceeding.

proceeding, and the relevant statutory and case law.  According to Rule 4(b) of the Rules Governing § 2255 Proceedings, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."  For the reasons set forth below, the court finds that Ms. Lyons is not entitled to the relief she seeks under Grounds One and Three.  Based on the mandate of Rule 4(b), those portions of Ms. Lyons' § 2255 Petition are DISMISSED.  With respect to Ground Two, all of that claim is DISMISSED with the following exception: the court defers ruling on portions of Ms. Lyons' Petition, as identified below.  The court remands those portions to Ms. Lyons for a more definitive statement of the nature of the grounds and how she was prejudiced by the alleged actions of counsel.

## BACKGROUND

On August 3, 2005, Kim Marie Lyons was indicted on nine counts alleging access device fraud, bank fraud, and aggravated identity theft.  During a prolonged period, the court scheduled (and re-scheduled) numerous change of plea dates, all at the parties' request.  At the last of those change of plea hearings, on August 1, 2006, Ms. Lyons, in the presence of the court and her attorney, chose not to plead guilty.

The United States tried Ms. Lyons by jury during a three-day trial that began October 11, 2006.  Ms. Lyons was represented by appointed counsel.  The jury found her guilty as to Counts 6, 7, 8, and 9 of the Superseding Indictment.[2]  Specifically, she was convicted of two counts of bank fraud under 18 U.S.C. § 1344 (Counts 6 and 8) and two counts of aggravated identity theft

---

[2]The jury found her not guilty on counts 1 through 5.

under 18 U.S.C. § 1028A(a)(1) (Counts 7 and 9).

On January 5, 2007, the court (relying on statutory provisions and considering the advisory United States Sentencing Guidelines) sentenced Ms. Lyons to a period of 32 months imprisonment, followed by 60 months supervised release.  The court also ordered Ms. Lyons to pay $4,019.16 in restitution.  (See Am. J. in Crim. Case (Dkt # 105).)  Ms. Lyons did not file an appeal (she cites ineffective assistance of counsel as the reason).

On July 13, 2007, Ms. Lyons (now a federal prisoner) filed her timely Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody.

## ANALYSIS

### Ground One

There are actually two parts to "Ground One" of Ms. Lyons' Petition.  First, Ms. Lyons challenges her 32-month sentence with the argument that "[r]ecent Supreme Court rulings have determined that mandatory minimums [in] sentencing are unconstitutional and unreasonable." (Pet. at 5.)  Second, she asserts that the court miscalculated her criminal history category and offense level (elements considered under the Guidelines), which resulted in too high a sentence. The law and the record show otherwise on both issues.

**Mandatory Minimum Sentence**

The jury found Ms. Lyons guilty of two counts of aggravated identity theft because she violated 18 U.S.C. § 1028A(a)(1) on two separate occasions.  That statutory provision requires the court to impose a mandatory minimum sentence of two years:

> Whoever, during and in relation to any felony violation enumerated in subsection (c) [bank fraud, in Ms. Lyons' case, under 18 U.S.C. § 1344], knowingly transfers, possesses, or uses, without lawful authority, a means of identification of

3

> another person <u>shall, in addition to the punishment provided for such felony [bank</u>
> <u>fraud], be sentenced to a term of imprisonment of 2 years</u>.

18 U.S.C. § 1028A(a)(1) (emphasis added).  The provision further provides that the two-year

term shall not run concurrently with any other term of imprisonment imposed at the time of

sentencing, including the term imposed for the bank fraud felony, for which Ms. Lyons was

found guilty under 18 U.S.C. § 1344.  <u>See</u> 18 U.S.C. § 1028A(c)(2).  Given these statutory

requirements, Ms. Lyons' sentence had to be at least 24 months long.[3]

  Ms. Lyons does not cite to any case law to support her position that the above-quoted

provisions are unconstitutional.  Indeed, the court has not found any such ruling by the Tenth

Circuit Court of Appeals or the United States Supreme Court.

  It is true that the United States Supreme Court recently held that the Sentencing

Guidelines in their mandatory form were unconstitutional.  <u>See</u> <u>United States v. Booker</u>, 543

U.S. 220, 258-59 (2005).  The Court found, among other things, that if the Guidelines were only

advisory, they were not unconstitutional and could be applied by the court in its discretion.  <u>Id.</u>

That ruling, however, is not applicable to Ms. Lyons' assertion that the mandatory minimum

sentence set forth in 18 U.S.C. § 1028A is unconstitutional.  Accordingly, the portion of her

Petition alleging unconstitutionality of the mandatory minimum sentence requirement is incorrect

as a matter of law.

---

  [3]There is one exception to the rule against concurrent sentences.  If the defendant is found guilty of an additional violation of 18 U.S.C. § 1028A, as Ms. Lyons was, the court may, in its discretion, run the additional two-year term concurrently as long as doing so is in accordance with the Guidelines and United States Sentencing Commission policy statements.  During sentencing, the court exercised its discretion to run Ms. Lyons' second two-year term of imprisonment concurrently with the first two-year term of imprisonment.  (<u>See</u> Tr. of Jan. 5, 2007 Sentencing Hr'g at 10, 17.)

To the extent Ms. Lyons contends that the court considered the Guidelines mandatory when determining the sentence for bank fraud, she is mistaken.  The court referred to the Guidelines, but only considered them advisory.  (Tr. of Jan. 5, 2007 Sentencing Hr'g (hereinafter "Tr.") at 10.)  Indeed, the parties agreed with the court that the Guideline range for Ms. Lyons' violation of 18 U.S.C. § 1344 (calculated to be 8 to 14 months) was advisory only.  (Id. at 9-10, 15.)  Again, the record belies Ms. Lyons' assertions.

**Calculation of Offense Level and Criminal History Category**

The remaining 8 months imposed by the court were based on calculations under the Guidelines for the two counts of bank fraud, under 18 U.S.C. § 1344.  The court calculated an advisory sentencing range of 8 to 14 months for each violation based on a finding that Ms. Lyons fell within a criminal history category III and an offense level of 9 (base offense level of 7 plus 2 point enhancement).  (See Tr. at 9; Pre-Sentence Report ("PSR") at ¶¶ 17-18, 31-33.)

Ms. Lyons contends that the criminal history category should have been lower because there was "a two-point enhancement for charges filed against me prior to sentencing, that resulted in a misdemeanor conviction after sentencing." (Pet. at 5 (emphasis in original).)  Her representation of the facts and her argument are problematic.

First, she incorrectly states that the two-point enhancement resulted from consideration of pending charges listed in the Pre-Sentence Report in Paragraph 35 under "Pending Charges." The two-point enhancement was not related to her criminal history.  Rather, the court applied the enhancement to her offense level based on the fact that there were at least ten but fewer than fifty victims.  (See PSR at 3 (listing 14 victims);  USSG § 2B1.1(b)(2)((A)(i) (Nov. 1, 2006) (allowing an increase of the offense level by 2 if offense involved 10 to 49 victims).)  And in her

5

Petition she does not challenge the finding that there were 14 victims.

Second, it is irrelevant that Ms. Lyons was ultimately convicted of an offense that was less than charged in November 2006. The "Pending Charges" information did not affect the calculation of Ms. Lyons' criminal history category. (See PSR at ¶¶ 33, 35 (calculating Criminal History Category as III based on criminal convictions listed in paragraphs 28-30, not the pending charges listed in paragraph 35).) Further, there is no dispute that the pending charges were accurately represented in the Pre-Sentence Report. (See Tr. at 2-3; Def.'s Position of Party with Respect to Sentencing Factors (Dkt # 96) (making no mention of Pre-Sentence Report ¶ 30).)

Third, to the extent Ms. Lyons is challenging the calculation of the base offense level of 7 (it is not clear from the Petition that she is, but the court liberally construes her *pro se* § 2255 petition[4]), she does not explain why the base offense level of 7 was incorrect. Without more, the court cannot address her argument. Regardless, the base offense level was properly calculated. See USSG § 2B1.1(a)(1) & App. A (Nov. 1, 2006) (setting base offense level at 7 for violation of 18 U.S.C. § 1344).

Fourth, her suggested sentencing range of 6 to 12 months, which she purportedly calculated based on a criminal history category of III and an offense level of 7 (see Pet. at 5), is an incorrect calculation (see USSG Sentencing Table) (the range would actually be 4-10 months). Even so, such a range includes a sentence of 8 months. And that is what the court imposed after finding that an 8-month sentence for counts 6 and 8 was reasonable under 18 U.S.C. § 3553.[5]

---

[4]See United States v. Mora, 293 F.3d 1213, 1216 (10th Cir. 2002) (applying liberal construction to pro se prisoner's appeal of § 2255 petition).

[5]To the extent that she argues the 60-month supervised release was improper (again, it is not clear that she intended to raise this in her Petition), she has not provided any facts or

(See Tr. at 17.)  See also 18 U.S.C. § 1028A(b)(2)-(3) (providing that sentence for predicate felony—bank fraud in Ms. Lyons' case—may not run concurrently with two-year minimum sentence for aggravated identity theft, and court may not reduce sentence for predicate felony to compensate for the fact that two-year sentence must be imposed).  Furthermore, her suggested sentencing range is based on the incorrect assumption (as the court has explained above) that the offense level should be 7 rather than 9.

For all these reasons, Ground One of Ms. Lyons' Petition does not support a finding that her sentence must be vacated, set aside, or corrected.

**Ground Two**

Ms. Lyons also contends that she received ineffective assistance of counsel.  She claims that her attorney

> never explained pre-trial options, plea bargains, or any reprocussions [sic] of taking a case to trial.  Furthermore, I was never informed of my options post-conviction. . . . [A]fter numerous requests I have not ever received or even seen my PSI, Court Orders, Judgements, etc. . . . [My attorney] never attempted to negotiate a plea bargain.  He just went straight to trial.  Also his failure to object to application of minimum mandatory guidelines and the two-point enhancement for charges I wasn't convicted of was ineffective assistance of counsel.

(Pet. at 6.)

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel.  Strickland v. Washington, 466 U.S. 668, 686 (1984).  To demonstrate ineffective assistance of counsel, "a petitioner must establish both that his attorney's representation was deficient and that he was prejudiced by that deficiency."  James v. Gibson, 211 F.3d 543, 555

---

argument to support that contention.

(10th Cir. 2000) (citing Strickland, 466 U.S. at 687).  The standard applies to sentencing proceedings and plea hearings as well as the trial.  United States v. Glover, 97 F.3d 1345, 1349 (10th Cir. 1996).  When evaluating counsel's performance under the deficiency prong, the court's scrutiny must be "highly deferential."  Id.  "[A] petitioner must show that 'his trial counsel committed serious errors in light of 'prevailing professional norms.' . . ." United States v. Mora, 293 F.3d 1213, 1217 (10th Cir. 2002) (quoting United States v. Haddock, 12 F.3d 950, 955 (10th Cir. 1993) (quoting Strickland, 466 U.S. at 688)).  Under the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland, 466 U.S. at 694; see also Mora, 293 F.3d at 1217.  There is a strong presumption that counsel provided effective assistance, and a § 2255 petitioner has the burden of proof to overcome that presumption.  James, 211 F.3d at 555.

**Negotiating a Plea Bargain**

Ms. Lyons asserts that her attorney "never attempted to negotiate a plea bargain."  (Pet. at 6.)  The record demonstrates otherwise.  At the request of the parties, the court originally scheduled a date for Ms. Lyons to change her plea to guilty.  (Docket Entry No. 45 (setting change of plea hearing for May 31, 2006).)  That hearing was continued three times.  (See Docket Entry Nos. 47, 48, 49, 51, 52, 53, 54.)  At the last scheduled hearing, Ms. Lyons changed her mind and informed the court that she would not enter a guilty plea.  (Docket Entry No. 54.)  This is hardly evidence that her attorney never negotiated a plea bargain.  It is implausible that the United States and Ms. Lyons' attorney would ask the court to schedule (and re-schedule) a change of plea hearing unless they had negotiated a plea bargain.  Ms. Lyons has not presented evidence that her counsel's performance with respect to negotiating a plea bargain was deficient.

8

Nor has she established than any constitutional right was at stake.  See United States v. Gonzalez-Vazquez, 219 F.3d 37, 43 (1st Cir. 2000) ("'there is no constitutional right to plea bargain'") (quoting Weatherford v. Bursey, 429 U.S. 545, 561 (1977)).  "It is a novel argument that constitutional rights are infringed by trying the defendant rather than accepting his plea of guilty."  Weatherford, 429 U.S. at 561.

For the foregoing reasons, Ms. Lyons has not established ineffective assistance of counsel on the issue of negotiating a plea bargain.

**Failure to Object During Sentencing**

Ms. Lyons contends that her attorney should have objected to (1) the "application of minimum mandatory guidelines" and (2) the two-point enhancement to her base offense level because the enhancement took into consideration factors relating to charges for which she was not convicted.  Ms. Lyons is incorrect, because her attorney had no basis to object to either.

As noted above, no mandatory minimum was applied under the Guidelines.  And the statute under which Ms. Lyons was convicted for aggravated identity theft (18 U.S.C. § 1028A), required a two-year mandatory minimum sentence.

As for the two-point enhancement based on the number of victims, the court was allowed to consider all fourteen victims as "relevant conduct":

> [T]he base offense level where the guideline specifies more than one base offense level [such as Guideline 2B1.1, applied in Ms. Lyons' case] . . . shall be determined on the basis of . . . all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant . . . that occurred during the commission of the offense of conviction [and] . . ., all harm that resulted from the acts and omissions specified in subsections (a)(1) and (a)(2) above, and all harm that was the object of such acts and omissions . . . .

USSG § 1B1.3(a)(1), (3) ("Relevant Conduct (Factors that Determine the Guideline Range)").

9

The official commentary under the "Relevant Conduct" guideline states that "[a] particular guideline (in the base offense level or in a specific offense characteristic) may expressly direct that a particular factor be applied only if the defendant was convicted of a particular statute. . . . Unless such an express direction is included, <u>conviction under the statute is not required</u>." <u>Id.</u> Commentary Note 6 (emphasis added).  Guideline 2B1.1 does not contain any such express direction in § 2B1.1(b)(2) (addressing two-point enhancement for offense characteristic where victims numbered between 10 and 49).  Accordingly, the number of victims listed in the Pre-Sentence Report was relevant regardless of whether each victim was linked to the counts for which Ms. Lyons was convicted.

For these reasons, Ms. Lyons has not demonstrated that her counsel's failure to object during sentencing was deficient, and so she has not shown ineffective assistance of counsel on that issue.

**Post-Conviction Options**

Ms. Lyons alleges in conclusory fashion that her attorney never told her about her post-conviction options and did not file an appeal on her behalf (she does not state whether she requested that her attorney file an appeal or on what grounds she believes she should have appealed the conviction or sentence).  Even assuming her allegation is true, she has not articulated any facts that show deficiency in her counsel's performance or prejudice.  During her sentencing hearing, the court informed her of her right to appeal, the time for appeal, her right to apply for *in forma pauperis* status, and her right to have the Clerk of the Court prepare and file a notice of appeal on her behalf.  (<u>See</u> Tr. at 28.)  The court's instructions cured any deficiency that may have existed.  <u>See</u> <u>Roe v. Flores-Ortega</u>, 528 U.S. 470, 485-86, 479-80 (2000) (counsel's

10

failure to file notice of appeal is not per se deficient; if "a sentencing court's instructions to a defendant about his appeal rights in a particular case are so clear and informative as to substitute for counsel's duty to consult . . ., counsel might then reasonably decide that he need not repeat that information.").

**Other Grounds**

Finally, Ms. Lyons vaguely asserts that her attorney (a) "never explained pre-trial options, plea bargains, or any reproccusions [sic] of taking a case to trial"; and (b) after "numerous requests," never showed, must less gave her a copy of, her "PSI [the court assumes this refers to the pre-sentence report], Court Orders, Judgements, etc." (Pet. at 6.)

Ms. Lyons makes unsubstantiated and conclusory statements about her attorney's alleged failure to explain pre-trial options,[6] plea bargains, or the repercussions of going to trial.  She essentially claims that her attorney "never" communicated with her.  This is an incredible allegation.  And her statement about plea bargains is contradicted, at least in part, by the record. Clearly her attorney had negotiated a plea bargain, and, after appearing before the court with her attorney on August 1, 2006, clearly she chose not to take the offer.

The conclusory nature of Ms. Lyons' claims puts the court in a difficult situation.  As noted by another court addressing conclusory allegations in a § 2255 petition,

> [Petitioner's] ineffective-assistance claim, though at bottom presenting a potentially valid claim for relief, does not specify the grounds for his allegation other than to say that his side of the story was not told at trial.  This loose assertion, while perhaps not "conclusively" disproved by the record in the case, does not tell the court enough about what happened to [Petitioner] and how his counsel was ineffective.  Further explanation is necessary before the court can

---

[6]The court is not sure what Ms. Lyons means by this broad term.

begin to fully address the merits of the claim.

United States v. Martinez, 181 F.3d 627, 628 (5th Cir. 1999).  At this point, the court is not

satisfied that a hearing or response from the government is necessary.  See Underwood v. Clark,

939 F.2d 473, 476 (7th Cir. 1991) (stating that conclusory assertion by petitioner that right to

testify was denied him was "just too facile a tactic to be allowed to succeed").  But the court is

also aware of the court's obligation to "provide the accused with an adequate mechanism to fairly

address [her] claims and of [the court's] heavy indulgence of pleadings by prisoners without

counsel. . . ."  Martinez, 181 F.3d at 628-29.

Whether Ms. Lyons was adequately informed about the consequences of rejecting the

plea is not clear from the record.[7]  Similarly, the court cannot determine from her conclusory

statements or the record what her counsel did, or did not do, regarding (a) "pre-trial options,"

(b) an explanation of the repercussions of going to trial,[8] or (c) failing to supply her with certain

documents.  Rather than dismiss Ms. Lyons' Petition on these particular grounds, the court

**REMANDS THIS PARTICULAR PORTION OF THE PETITION** to Ms. Lyons so that,

**within 30 days of the date of this order**, she can **state with greater specificity** her complaints

regarding **how her counsel was ineffective** with respect to communicating regarding the plea

---

[7]"'The decision whether to plead guilty or contest a criminal charge is ordinarily the most important single decision in any criminal case.  This decision must ultimately be left to the client's wishes. . . . But counsel may and *must* give the client *the benefit of counsel's professional advice on this crucial decision.*'" Boria v. Keane, 99 F.3d 492, 497 (2d Cir. 1996) (emphasis in original) (quoting Anthony G. Amsterdam, Trial Manual 5 for the Defense of Criminal Cases § 201 at 339 (1988)) (noting that "[e]ffective assistance of counsel includes counsel's informed opinion [communicated to defendant] as to what pleas should be entered").

[8]See id.

bargain, addressing "pre-trial options" (more explanation is required regarding what Ms. Lyons means by "pre-trial options"), explaining the repercussions of going to trial, and providing court documents to her.  She must also state with specificity **how she was prejudiced**.  If she is unable to provide more than her present conclusory statement, the court will summarily dismiss this portion of the Petition.  See, e.g., Lasiter v. Thomas, 89 F.3d 699, 702 (10th Cir. 1996) ("[A] claim based on events alleged to have occurred outside the courtroom, and upon which the record casts no light, require an evidentiary hearing unless the allegations are so vague or conclusory as to permit summary disposition.") (citing Blackledge v. Allison, 431 U.S. 63, 72-73 (1977)) (emphasis added).

**Ground Three**

As her last ground, she contends that the "Victim pressed charges under duress, threat, and coercion by prosecution of possible charges against him" for allegedly raping Ms. Lyons (she says such rape accusations were false), and that such alleged fact entitles her to relief.  (Pet. at 8.) The court does not understand how this alleged fact has any bearing on Ms. Lyons' request that her sentence be modified, vacated, or set aside.  Nothing in the law precludes the United States from prosecuting a crime absent the victim's permission.

Moreover, the "victim" to which she refers (Mr. Jose Medina) testified during trial as a prosecution witness.  To the extent Ms. Lyons is arguing that Mr. Medina lied on the stand under threat of false prosecution for rape (and there is nothing in her Petition suggesting this), that issue was open for cross-examination by defense counsel.  But there is no allegation, must less evidence, that Ms. Lyons' counsel had (or should have had) knowledge of such alleged duress. Moreover, the decision to raise certain issues on cross-examination is a strategic one that the

court will not question under the <u>Strickland</u> standard.

The court finds Ms. Lyons' third ground insufficient to justify the remedy she seeks.

## ORDER

For the foregoing reasons, Ms. Lyons' Motion Under 25 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody is **DISMISSED on the First and Third Grounds of her Petition**. Further, Ms. Lyons' Petition is **DISMISSED on the Second Ground with the following exception:** the court **REMANDS the portion of her Petition described above as "Other Grounds"** to Ms. Lyons. **Within 30 days of the date of this Order**, she must **state with greater specificity** her complaints regarding **how her counsel was ineffective** with respect to communicating regarding the plea bargain, addressing "pre-trial options" (more explanation is required regarding what Ms. Lyons means by "pre-trial options"), explaining the repercussions of going to trial, and providing court documents to her. She must also state with specificity **how she was prejudiced by each of these**. If she is unable to provide more than her present conclusory statement, the court will summarily dismiss the remainder of Ms. Lyons' Petition. The Clerk of the Court is directed to notify Petitioner.

SO ORDERED this 10th day of October, 2007.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
Chief Judge

14